UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Ft. Myers Division

TY ROLAND, as Administrator ad Litem
of the ESTATE OF EVELYN MIOZZA

vs.   Case No.

SAFECO INSURANCE COMPANY OF
ILLINOIS

_____/

# COMPLAINT

Plaintiff, TY ROLAND, as Administrator ad Litem of the ESTATE OF EVELYN MIOZZA ("MIOZZA ESTATE") sues Defendant, SAFECO INSURANCE COMPANY OF ILLINOIS ("SAFECO") for breach of the good faith duty to settle and alleges:

1. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the Plaintiff, who is a citizen of Florida, and the Defendant, which is incorporated under the laws of Illinois and has its principal place of business in Washington.

2. On May 1, 2013, EVELYN MIOZZA ("MIOZZA") renewed an automobile insurance policy from SAFECO covering her liability as described in the policy attached as **Exhibit 1** ("Safeco Policy") for the period of May 1, 2013 to May 1, 2014.

3. On January 9, 2014, MIOZZA, negligently drove the 2008 Dodge Grand Caravan listed on the Safeco policy into a collision with a 2008 Suzuki GSXR Motorcycle being driven by Sean E. Parke, resulting in the death of Sean E. Parke at the scene of the collision ("the collision").

4. By January 28, 2014, SAFECO knew of the liability claim against MIOZZA for the wrongful death of Sean E. Parke ("Parke claim").

5. On January 28, 2014, SAFECO received a letter from counsel for Parke requesting liability insurance disclosures pursuant to Florida's liability insurance disclosure law, Florida Statute § 627.4137, which required SAFECO provide liability insurance disclosures in no later than 30 days (February 27, 2014) and notifying Safeco, "We look forward to working with you for an early resolution of the claim."

6. Twenty-eight days later, on February 25, 2014, when SAFECO had provided no liability insurance disclosures to Parke or his counsel, SAFECO received another letter from counsel for Parke again requesting the same liability insurance disclosures and also offering to settle the wrongful death claim against MIOZZA upon their receipt, stating:

> If I receive all the items above, along with a draft in the amount of your insured's bodily injury liability insurance limit, my client will sign a release of the wrongful death claim upon his appointment as Personal Representative of his son's estate.
>
> We look forward to working with you for an early resolution of the claim.

7. By March 7, 2014, when SAFECO offered Parke $100,000 to release MIOZZA, SAFECO knew:

    a. MIOZZA was covered by SAFECO for her liability for the wrongful death of Sean E. Parke,

    b. MIOZZA's liability for the wrongful death of Sean Parke could exceed the $100,000 per person "bodily injury" limit of her Safeco Policy, and

    c. MIOZZA could be released for her liability for the wrongful death of Sean E. Parke if SAFECO provided the liability insurance disclosures requested by counsel for Parke.

8. By April 11, 2014, when SAFECO had still not provided any liability insurance disclosures to counsel for Parke, SAFECO received another letter from counsel for Parke saying:

> I received your letter of March 7, 2014, offering a draft for $100,000.00 in exchange for my client signing the release of all claims you enclosed.

> However, to date, we have not received any insurance and liability disclosures, despite requesting them repeatedly since January.
>
> Under the circumstances, your offer is rejected. Enclosed is a copy of the lawsuit we will be serving on your insureds.

9. On April 15, 2014, when SAFECO had still not provided any of the liability insurance disclosures originally requested on January 28, 2014, counsel for Parke wrote to Safeco again saying:

> Having still received no disclosures, I am returning to you the check in the amount of $100,000 for your use.
>
> Perhaps we can revisit settlement in the future, but as of now, any and all prior settlement offers of my client are hereby withdrawn.

10. On April 18, 2014, an "archivist of SAFECO Insurance Company of Illinois" signed a sworn copy of the Safeco policy, then on April 24, 2014, SAFECO's Claims Team Manager signed a "Sworn Policy Disclosure Statement" as to the coverage provided by SAFECO. Sometime thereafter, SAFECO provided the sworn copy of the Safeco policy to counsel for Parke with a cover letter dated April 22, 2014.

11. SAFECO wrote to counsel for Parke on May 5, 2014, saying SAFECO was "in error" in not making the disclosures.

12. In April and May of 2016, SAFECO received another offer from counsel for Parke, this time offering to settle and release the wrongful death claim against MIOZZA in exchange for payment of both the $100,000 of liability coverage for "bodily injury" and $50,000 from the liability coverage for litigation expenses taxed against her. However, SAFECO rejected the offer, counteroffering $125,000.

13. By April of 2016, SAFECO knew:

    a. MIOZZA was covered by SAFECO for her liability for the wrongful death of Sean E. Parke with a $100,000 limit,

    b. MIOZZA was also covered by SAFECO for her liability for Parke's litigation expenses taxed against her in the wrongful death lawsuit,

    c. MIOZZA's liability for the wrongful death of Sean Parke could exceed the $100,000 "bodily injury" limit of her Safeco Policy,

    d. MIOZZA's liability for Parke's litigation expenses could exceed $50,000, and

    e. MIOZZA could be released for her liability for the wrongful death of Sean E. Parke if SAFECO provided $150,000 to Parke.

14. On May 13, 2016, after counsel for Parke asked if SAFECO could consider a settlement offer from Parke in response to SAFECO's $125,000 counteroffer, SAFECO refused, offering $125,000 again for a "global release" of Safeco and its affiliates from contractual and extra-contractual claims, a release of all insureds, and confidentiality, and emphasizing "This is Safeco's final offer."

15. On May 19, 2016, SAFECO received an email from counsel for Parke stating, "I have shared your final offer with my client and it is rejected. It does seem like quite a gamble Safeco is taking given the exposure its insured faces, but we accept your decision and will resume pursuing a judgment against Ms. Miozza." SAFECO responded, "Thank you for letting me know. If your client changes his mind, please feel free to contact me."

16. On March 1, 2019, EVELYN MIOZZA died.

17. On May 20, 2019, Ty Roland of the law firm Aloia, Roland, & Lubell was appointed by the probate court administering the MIOZZA ESTATE as Administrator ad Litem under Florida Statute § 733.308:

> to pursue any claims the Estate has or will have, whether sounding in tort or contract, against the decedent's liability insurer, any related entities, or any professionals responsible for protecting Evelyn Miozza and /or her Estate from the liability claims of Sean E. Parke and his Estate ("the Estate of Miozza's claims"). The Administrator ad Litem has the exclusive right to pursue and control the prosecution of the Estate of Miozza's claims.

18. On March 23, 2020, following a jury trial, Final Judgment was entered against the MIOZZA ESTATE for the wrongful death of Sean E. Parke in the amount of $4,250,000.00 plus interest as described in the Final Judgment attached as **Exhibit 2**, which became final when the mandate was issued by Florida's Second District Court of Appeal on November 30, 2021.

19. On March 23, 2020, Final Judgment was also entered taxing $124,395.05 of Parke's litigation expenses against the MIOZZA ESTATE, plus interest as described in the Final Judgment of Costs attached as **Exhibit 3**.

## Breach of Good Faith Duty to Settle

20. During its entire handling of the Parke claim, SAFECO knew it owed MIOZZA a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business, by diligently, and with the same haste and precision, as if SAFECO were in MIOZZA's shoes, worked on MIOZZA'S behalf to avoid an excess judgment against MIOZZA ("good faith duty").

21. In 2014 and 2016, when SAFECO also knew or should have known the Parke claim exposed MIOZZA to a judgment in excess of her liability insurance, SAFECO had opportunities to avoid an excess judgment against MIOZZA by settling the Parke claim within the coverage of MIOZZA's Safeco Policy.

22. In 2014 and 2016, the good faith duty obligated SAFECO to settle by:

    a. Providing the same resources to hiring, training, staffing, supervising and incentivizing claims personnel that a person of ordinary care and prudence should exercise in the management of his own business to ensure that claims personnel diligently, and with the same haste and precision, as if SAFECO were in MIOZZA's shoes, worked on MIOZZA'S behalf to settle the Parke claim in 2014 and 2016.

    b. affirmatively initiating settlement negotiations with Parke,

    c. investigating the facts,

    d. giving fair consideration to settlement offers that were not unreasonable under the facts,

    e. settling where a reasonably prudent person, faced with the prospect of paying the total recovery would settle,

    f. advising MIOZZA of settlement opportunities,

    g. advising MIOZZA as to the probable outcome of the litigation,

    h. warning MIOZZA of the possibility of an excess judgment,

    i. advising MIOZZA of any steps MIOZZA might take to avoid an excess judgment, and

    j. acting fairly and honestly toward MIOZZA and with due regard for MIOZZA's interests.

23. SAFECO breached its good faith duty to MIOZZA when it failed to settle the Parke claim within the coverage limits of MIOZZA's Safeco Policy when it could have and should have done so in 2014 and 2016, had it:

    a. Provided the same resources to hiring, training, staffing, supervising, and incentivizing claims personnel that a person of ordinary care and prudence should exercise in the management of his own business to ensure that claims personnel diligently, and with the same haste and precision, as if SAFECO were in MIOZZA's shoes, worked on MIOZZA'S behalf to settle the Parke claim in 2014 and 2016.

    b. Affirmatively engaged in settlement negotiations with Parke by responding to his counsel's request for liability insurance disclosures by April 15, 2014, and by negotiating a settlement for between $125,000 and $150,000 in 2016.

    c. Investigated and disclosed the liability insurance information requested by counsel for Parke by April 15, 2014.

    d. Given fair consideration to the 2014 and 2016 settlement offers.

    e. Acted with the same diligence, haste, and precision as a reasonably prudent person faced with the prospect of paying the total Parke wrongful death judgment against MIOZZA by settling the Parke claim in 2014 by providing liability insurance disclosures and settling the Parke claim in 2016 by negotiating to pay more than $25,000 for taxable litigation expenses,

    f. Advised MIOZZA of the 2014 and 2016 settlement opportunities,

    g. Advised MIOZZA as to the probable outcome of the litigation,

    h. Warned MIOZZA of the possibility of an excess judgment,

    i. Advised MIOZZA of steps MIOZZA might take to avoid an excess judgment, and

    j. Acted fairly and honestly toward MIOZZA and with due regard for MIOZZA's interests.

24. SAFECO's breaches of its good faith duty to settle the Parke claim resulted in the Final Judgments (Exhibits B and C).

25. Plaintiff is the named insured or omnibus insured under an insurance policy executed by SAFECO and is entitled to a reasonable sum as fees for compensation for the attorney prosecuting the suit upon rendition of a judgment or decree against SAFECO, pursuant to Florida Statute § 627.428.

WHEREFORE, Plaintiff, TY ROLAND, as Administrator ad Litem of the ESTATE OF EVELYN MIOZZA, demands judgment against Defendant, SAFECO INSURANCE COMPANY OF ILLINOIS for the unsatisfied amounts of the Final Judgments and interest on those elements of damages upon which interest can be recovered, plus the costs of this action and attorney's fees allowed by law, and demands a trial by jury on all issues so triable.

    Respectfully Submitted,

    ***/s/Brandon Cathey***
    Brandon Cathey
    Fla. Bar. No. 941891
    Stephanie Miles
    Fla. Bar. No. 15516
    CATHEY & MILES, P.A.
    76 4th Street N #2005
    St. Petersburg, FL 33731
    (727) 308-2222
    Lit@CatheyMiles.com
    *Counsel for Ty Roland, as Administrator ad Litem of the Estate of Evelyn Miozza*